

**Natalie Scott**
nscott@scott-law-group.com

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

May 6, 2022

**VIA ECF**

Honorable Teresa H. Pearson
US Bankruptcy Court
1050 SW 6th Ave, #700
Portland, OR 97204

      Re:    *In re Pearlstein*, US Bankr. Case No. 17-32770-thp7

Dear Judge Pearson,

Trustee, through counsel Justin Leonard, filed a lengthy letter with this Court yesterday afternoon that was not circulated for review ahead of filing. Mr. Leonard and I exchanged emails regarding a stipulated protective order last Thursday and Friday with Mr. Leonard representing on Monday that he would be talking with the Trustee and following up. When I heard nothing, I emailed Mr. Leonard and Mr. Olson at 2:47 p.m. yesterday (Thursday, May 5, 2022) with my proposed form of order and a draft letter to this Court requesting assistance on which form to enter. Mr. Leonard responded at 4:09 p.m. indicating the trustee would be submitting a "request for hearing, explaining the Trustee's concerns/questions." He then responded at 4:17p.m. that the letter had been filed.

This Court's ruling at the April 26, 2022 hearing was clear that Trustee must turn over records with appropriate safeguards and excluding communication with law enforcement. *See also* Minute Order (**Doc. No. 56**). On April 27, 2022, I circulated the "form" stipulated order regarding handling of Confidential Information. On April 28, 2022, Mr. Leonard circulated a redline that inserted specific language that I felt contravened this Court's ruling together with a lengthy itemized list of documents to be turned over, which included abbreviations, short-hand, and unnecessary, conclusory description. I suggested we stick to the form order and requested Mr. Leonard turn over the unobjectionable documents and, if needed, we bring the other issues before the court separately. Mr. Leonard insisted on his language, has not turned over any documents, and filed the letter yesterday seeking a "do over" of the court's April 26th ruling.

Attached hereto as **Exhibit 1** is a copy of Mr. Leonard's redline form of order from April 28, 2022. Attached hereto as **Exhibit 2** is a redline showing my initial proposed changes to Mr. Leonard's redline followed by **Exhibit** 3, which are the proposed changes after I had time to obtain client approval. **Exhibit 3** is what I submitted to Mr. Leonard yesterday (May 5, 2022). I have ordered the transcript of the April 26, 2022 hearing, which I hope will also be helpful to the court.

In my view, this Court fully addressed the issues at the hearing on April 26, 2022.  Mr. Leonard has now expended significant time and expense in lengthy emails and letters to memorialize the same things he raised at the hearing and to cast Creditor in an unfavorable light.  Rather than turn over un-objectionable documents in response to this Court's ruling, Mr. Leonard has continued to obstruct and delay Creditor's efforts.

Mr. Leonard's letter seeks "clarification" so the parties can "negotiate" a protective order.  Creditor does not believe further time conferring with Mr. Leonard will achieve resolution.  Creditor requests instead that the Court select and enter an appropriate form of order.

Sincerely,

/s/ Natalie C. Scott

Natalie C. Scott

NCS:ncs
Cc:
**MANUAL SERVICE:**

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

**ELECTRONIC SERVICE:**

| JUSTIN D LEONARD | jleonard@LLG-LLC.com, |
| | justin-leonard-leonard-law-group-llc-5265@ecf.pacerpro.com |
| Amy E Mitchell | mitchelltrustee@comcast.net, OR21@ecfcbis.com |
| JEFFREY LEE OLSON | olson.jeff@mac.com |
| NATALIE C SCOTT | ecf@scott-law-group.com |
| US Trustee, Portland | USTPRegion18.PL.ECF@usdoj.gov |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

In re:

Irwin Robert Pearlstein and
Chris Ramsower-Pearlstein,

      Debtors.

Case No. 17-32770-thp7

**STIPULATED CONFIDENTIALITY
AGREEMENT & AGREED
PROTECTIVE ORDER**

Debtors, Chapter 7 Trustee ~~Candace Amborn~~Amy Mitchell (the ""Trustee"”"), and Robert

Sanders (""Creditor), collectively referred to herein as ""the Parties,"”" by and through the

undersigned, pursuant to Federal Rule of Civil Procedure 26(c) and US District Court Local Rule

26-4, have agreed to the following terms and conditions regarding discovery in the currently

pending contested matter on Trustee's Motion and Notice of Intent to Settle (**Doc. No. 51**).

Creditor contends that the Trustee has an obligation to turn over all documents related to

her investigation in the case under 11 U.S.C. § 704(a)(7). The Trustee strongly disputes

Creditor's interpretation of a Trustee's duties under the Bankruptcy Code, as well as under the

guidance and directives of the United States Trustee. Regardless, the Trustee will turn over the

requested documents in this case, including because of the Debtor's consent, the exclusion of law

enforcement communications, and the other reasonable limitations and safeguards in this Order.

The Parties request that the Court approve this Confidentiality Agreement and Agreed

Protective Order, as follows:

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(c) (made applicable to contested matters per Bankruptcy Rule 9014(c)).  The parties agree that good cause exists to protect the confidential nature of the information contained in documents and responses to discovery requests or deposition testimony, if undertaken in this matter. This contested matter concerns settlement of claims involving fraud, nondisclosure of assets, and personal financial information.  The parties expect to exchange documents and information relating to personal and business financial accounts and otherwise confidential or proprietary information.  The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.     All documents, testimony, and other materials produced by the parties in this case and labeled designated as "Confidential" shall be used only in this proceeding. "Confidential" information includes the following documents, which the Parties agree shall be produced to Creditor, with a copy to Debtors' counsel, upon entry of this Order:

   a.  Bank of America – Personal Bank Account Statements, Checks Deposited, Checks Written and other Debits (covering late 2012-2019);

   b.  Bank of America – Credit Card Account Statements (covering late 2012-2019)

   c.  Merrill Lynch – Visa and AmEx Credit Card Account Statements (covering 2010-2019);

   d.  Bank of America – "Lucky Bail Bonds" and "RAM Wellness Marketing, LLC" Business Bank Account Statements, Checks Deposited, Checks Written and other

STIPULATED CONFIDENTIALITY AGREEMENT
AND AGREED PROTECTIVE ORDER                Page **2** of 11

**EXHIBIT 1 - Page 2 of 11**

Debits (covering late 2012-2019);

e.  Charles Schwab Bank and Brokerage Account Statements – all personal (covering 2013-2019);

f.  Coachella Valley Collection Statements for "Lucky Bail Bonds" collections (covering 2010-20), including regarding the remaining $100/mo. payment stream from Ceja ($65/mo. net after 35/mo. commission);

g.  Intuit QuickBooks Transaction and Deposit Reports for "Lucky Bail Bonds" credit card payments received (covering 2017-2019), and Trustee's work product analysis of same;

h.  Trustee's Financial Analysis Spreadsheet (Trustee Work Product) with twelve worksheets compiling and analyzing information from the financial institutions described above;

i.  Sterling Administration - Health Savings Account Statements (covering 2013-2019);

j.  Trustee's Compilation of Insurance-related Payments and Receipts obtained from Bank Document Production produced above (Trustee Work Product);

k.  Trustee's Compilation of Work Product / Research re: Lucky Bail Bonds business, incl. licensing docs, and 2001 archival website showing Barry Pearlstein's ownership;

l.  Trustee's Compilation of Documents and Work Product / Research re Pearlstein Associates LLC, incl. Operating Agreement, Loan & Pledge and Note Agreements, K-1s for 2013 through 2016 (final), verification of South Carolina dissolution in early 2017, and Trustee's work product re: securities research re 2012 sale to American Safety Holdings, incl. press release;

m.  Penn Mutual Life Insurance Documents (incl. re: loan value, interest income, and official statement showing $0 cash value);

n.  Spero-placed Life Insurance Valuation Letters (confirming $0 surrender value of life insurance as of the Petition Date);

o.  Ms. Pearlstein-Ramsower's representations dated March 15, 2022 and her current paycheck statement relied on by the Trustee; and

p.  Substantive email communications / responses to the Trustee's investigation from the Debtors.

None of the items listed above shall be redacted by the Trustee, in light of the protections afforded by this Protective Order. The current document production by the Trustee shall not include the following items in the Trustee's possession (which are also designated as "Confidential"):

(i)  document productions (which included significant unredacted personal / medical information unrelated to the Trustee's investigation) that the Trustee obtained from life insurance companies that had life insurance policies in place as of the Petition Date (i.e., American General, Allianz, Accordia, and F&G)information or documents of any kind, including financial and business records regarding Debtors, insiders or businesses (past or present) of Debtors, Trustee, Creditor, their counsel, or any third party that may have been or will be subpoenaed for information relevant to this contested matter, which is confidential or privileged, information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and any information or documents considered "trade secrets" under Oregon law; and

(ii)  the Trustee's communications with law enforcement and fraud investigators related to the Debtors.

1.    .The Trustee will also produce to Creditor the audio recording of the prior Trustee's "Meeting of Creditors" hearing, which is not designated as "Confidential."

2.    Use of any information or documents labeled designated as ""Confidential"" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of the contested matter and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this contested matter. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this contested matter.

3.    The In addition to the materials designated as "Confidential" in Section 1, the parties, and third parties subpoenaed by one of the parties, may designate as ""Confidential"" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as ""Confidential,"" if practical to do so.

4.    If portions of documents or other materials deemed designated ""Confidential"" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal or submitted, unfiled, for court review and an order shall be submitted to this court prior to filing as required by Local Bankruptcy Rule 9018-1. –If documents are authorized to be filed and are to be filed under seal, then the words ""AUTHORIZED TO BE FILED UNDER SEAL"" must be inserted directly below the document title.  For any conventionally filed or paper copies delivered to chambers as may be required by applicable

STIPULATED CONFIDENTIALITY AGREEMENT
AND AGREED PROTECTIVE ORDER

rules, such documents shall be placed in sealed envelopes or other appropriate sealed containers

on which shall be endorsed the title of this action and a statement substantially in the following

form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
> ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND
> SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN
> THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE
> PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as ""Confidential,"" that party shall

reference this Stipulated Protective Order in submitting the documents it proposes to maintain

under seal. If a non-designating party is filing a document that another party has designated as

""Confidential,"" then the non-designating party shall file the document under seal. If the non-

designating party makes a request in writing to have the document unsealed and the designating

party does not file, within ten calendar days, a motion that shows good cause to maintain the

document under seal, then the Court shall unseal the document. Before seeking to maintain the

protection of documents filed with the Court, a party must assess whether redaction is a viable

alternative to complete nondisclosure.

     5.      Within thirty (30) days after receipt of the final transcript of the deposition of any

party or witness in this case, a party or the witness may designate as ""Confidential"" any

portion of the transcript that the party or witness contends discloses confidential information.  If

a transcript containing any such material is filed with the Court, it shall be filed under seal and

marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition

transcripts shall be treated as ""Confidential"" until the expiration of the thirty-day period.

     6.      ""Confidential"" information and documents subject to this Protective Order shall

not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed

in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed

under seal by counsel and marked in the same manner as described in paragraph 4 above.  Such

sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the

Court or by personnel authorized to do so by the Court.

   7.  Use of any information, documents, or portions of documents designated

~~as marked~~ ""Confidential,"" including all information derived therefrom, shall be restricted solely

to the following persons, who agree to be bound by the terms of this Protective Order, unless

additional persons are stipulated by counsel or authorized by the Court:

  a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.
  b. In-house counsel for the parties, and the administrative staff for each in-house counsel.
  c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.
  d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.
  e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,
  f. The authors and the original recipients of the documents.
  g. Any court reporter or videographer reporting a deposition.
  h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.
  ~~i.~~

   8.  Prior to being shown any documents produced by another party ~~marked~~ designated as ""Confidential,"" any person listed under paragraph 7(c) or 7(d) shall agree to be

bound by the terms of this Order by signing the agreement attached as **Exhibit A**.

   9.  Whenever information designated as ""Confidential"" pursuant to this Protective

Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding,

the designating party may exclude from the room any person, other than persons designated in paragraph 87, as appropriate, for that portion of the deposition, hearing or pretrial proceeding.

10. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as ""Confidential"" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as ""Confidential."" The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12.      Designation by either party of information or documents as ""Confidential,"" or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as ""Confidential.""

13.      Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked ""Confidential"" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

14.      This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

15.      Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

15.16.   If any party that receives designated information subject to this Protective Order receives a lawful subpoena, government request, or other legal process that requires disclosure of such information, the receiving party shall give prompt written notice to the designating party

within five court days in order to allow the designating party to seek protection from disclosure of the designated information. Unless prohibited by law or court order, the receiving party shall refrain from producing any designated information until either (i) the designating party waives any confidentiality interest in the materials by not filing for protection in the relevant court, or (ii) any pending objection filed by the designating party has been resolved by the relevant court. Compliance by the receiving party with any law requiring or court order directing production of any confidential information shall not constitute a violation of this Protective Order.

16.17.  The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

DATED this ___ day of _____, 2022.

**IT IS SO STIPULATED.**

LEONARD LAW GROUP                                    SCOTT LAW GROUP LLP

/s/_____                          /s/_____
Justin Leonard, OSB# 033736                          Natalie C. Scott, OSB #024510
jleonard@llg-llc.com                                 nscott@scott-law-group.com
*Attorneys for Trustee*                              *Attorneys for Creditor*

JEFFREY L. OLSON

/s/_____
Jeffrey L. Olson, OSB# 924188
jeff@olsonlaw.legal
*Attorneys for Debtors*

**EXHIBIT A**

I, _____ , have been advised by counsel of record for

_____ in Case No. 17-32770-thp7 in the United States
Bankruptcy Court for the District of Oregon (Eugene division) of the protective order governing
the delivery, publication, and disclosure of confidential documents and information produced in
this case. I have read a copy of the protective order and agree to abide by its terms.

_____

Printed Name: _____

Date: _____

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

In re:

Irwin Robert Pearlstein and
Chris Ramsower-Pearlstein,

Debtors.

Case No. 17-32770-thp7

**STIPULATED CONFIDENTIALITY AGREEMENT & AGREED PROTECTIVE ORDER**

Debtors, Chapter 7 Trustee Amy Mitchell (the "Trustee"), and Robert Sanders ("Creditor~~),").~~ collectively referred to herein as "the Parties," by and through the undersigned, pursuant to Federal Rule of Civil Procedure 26(c) and US District Court Local Rule 26-4, have agreed to the following terms and conditions regarding discovery in the currently pending contested matter on Trustee's Motion and Notice of Intent to Settle (**Doc. No. 51**).

~~Creditor contends that the Trustee has an obligation to turn over all documents related to her investigation in the case under 11 U.S.C. § 704(a)(7). The Trustee strongly disputes Creditor's interpretation of a Trustee's duties under the Bankruptcy Code, as well as under the guidance and directives of the United States Trustee. Regardless, the Trustee will turn over the requested documents in this case, including because of the Debtor's consent, the exclusion of law enforcement communications, and the other reasonable limitations and safeguards in this Order.~~

~~The~~Based on this Court's oral ruling on the record at the hearing on April 26, 2021, the Parties request that the Court approve this Confidentiality Agreement and Agreed Protective

Order, as follows:

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(c) (made applicable to contested matters per Bankruptcy Rule 9014(c)).  The parties agree that good cause exists to protect the confidential nature of the information contained in documents and responses to discovery requests or deposition testimony, if undertaken in this matter. This contested matter concerns settlement of claims involving fraud, nondisclosure of assets, and personal financial information.  The parties expect to exchange documents and information relating to personal and business financial accounts and otherwise confidential or proprietary information.  The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and designated as "Confidential" shall be used only in this proceeding.  "Confidential" information includes the following documents, which the Parties agree shall be produced to Creditor, with a copy to Debtors' counsel, upon entry of this Order:

> a.   All documents, communications, and records of the Trustee and non-privileged documents, communications and records of Trustee's counsel in the above-listed Bankruptcy Case, excluding Trustee and Trustee's counsel's communications with law enforcement agencies and fraud investigators, which Trustee hereby represents consist of the items listed in section (b) through (q) herein;
>
> a.b. Bank of America  Personal Bank Account Statements, Checks Deposited,

~~Checks Written~~records consisting of Debtors' personal bank account statements, checks deposited, checks written, and other ~~Debits (covering~~debts from late 2012~~-~~ through 2019~~);;~~

b.c. Bank of America ~~— Credit Card Account Statements (covering~~records consisting of Debtors' credit card account statements from late 2012~~-~~ through 2019~~);~~

c.d. Merrill Lynch ~~—~~records consisting of Debtors' Visa and ~~AmEx~~American Express Credit Card Account Statements ~~(covering~~from 2010~~-~~ through 2019~~);;~~

d.e. Bank of America ~~—~~records consisting of business bank account statements, checks and debits for the businesses "Lucky Bail Bonds" and "RAM Wellness Marketing, LLC" ~~Business Bank Account Statements, Checks Deposited, Checks Written and other Debits (covering~~from late 2012~~-~~ through 2019~~);;~~

e.f. Debtors' Charles Schwab Bank and Brokerage Account Statements ~~— all personal (covering~~from 2013~~-~~ through 2019~~);;~~

f.g. Coachella Valley Collection Statements for "Lucky Bail Bonds" collections ~~(covering~~from 2010~~-20), including regarding the remaining $100/mo. payment stream from Ceja ($65/mo. net after 35/mo. commission);~~ through 2020;

g.h. Intuit QuickBooks Transaction and Deposit Reports for "Lucky Bail Bonds" credit card payments received ~~(covering~~from 2017~~-~~ through 2019~~),~~ and records of Trustee's ~~work product~~ analysis of same;

h.i. ~~Trustee's Financial Analysis Spreadsheet (Trustee Work Product) with twelve~~Trustee's financial analysis spreadsheets consisting of 12 worksheets compiling and analyzing information from the financial institutions described above;

i.j. Sterling Administration ~~—~~records consisting of Debtors' Health Savings Account

Statements ~~(covering~~from 2013- ~~through~~ 2019~~);~~;

~~j.~~k. Documents and records of Trustee regarding Trustee's ~~Compilation~~compilation of ~~Insurance~~insurance-related ~~Payments~~payments and ~~Receipts~~receipts obtained from Bank ~~Document Production produced~~ of America document production listed above ~~(Trustee Work Product);~~;

~~k.~~l. ~~Trustee's Compilation of Work Product / Research re:~~ Documents and records of Trustee regarding Trustee's analysis and research of the Lucky Bail Bonds business, ~~incl.~~ licensing ~~docs~~documents, and 2001 archival website showing Barry Pearlstein's ownership;

~~l.~~m.        ~~Trustee's Compilation of~~ Documents and ~~Work Product / Research re~~records of Trustee regarding Trustee's analysis and research of Pearlstein Associates LLC, ~~incl. Operating Agreement, Loan & Pledge and Note Agreements~~including operating agreement, loan documents, K-1s ~~for 2013 through 2016 (final), verification~~, records regarding 2017 dissolution in the State of South Carolina ~~dissolution in early 2017, and Trustee's work product re:~~, and securities research ~~re~~regarding a 2012 sale to American Safety Holdings, ~~incl.~~including a press release;

~~m.~~n.        Penn Mutual Life Insurance ~~Documents (incl. re:~~records consisting of materials regarding Debtors' accounts, loan value, interest income, and ~~official statement showing $0 cash value);~~statements;

~~n.~~o. Documents and communications of Andrew Spero to Debtors regarding Spero-placed ~~Life Insurance Valuation Letters (confirming $0 surrender value of~~life insurance ~~as of the Petition Date);~~, including valuation letters;

~~o.~~p. ~~Ms.~~Debtor Chris Pearlstein-Ramsower's written representations to Trustee dated

March 15, 2022 and her current paycheck statement relied on by the Trustee; and

q. ~~Substantive email~~Emails, letters, and communications ~~/ responses~~of any kind between Trustee and Debtors.

r. Documents that the Trustee obtained from life insurance companies that had life insurance policies in place as of the Petition Date including American General, Allianz, Accordia, and F&G [INSERT FULL NAME]) which included significant unredacted personal / medical information unrelated to the Trustee's investigation ~~from the Debtors.~~);

~~p.~~s.Audio recording of the prior case trustee's Meeting of Creditors, which is not Confidential but is listed herein in the interest of full disclosure and clarity of what will be produced to Creditor.

None of the items listed above shall be redacted by the Trustee, in light of the protections afforded by this Protective Order. ~~The current document production by the Trustee shall not include the following items in the Trustee's possession (which are also designated as "Confidential"):~~

~~(i) document productions (which included significant unredacted personal / medical information unrelated to the Trustee's investigation) that the Trustee obtained from life insurance companies that had life insurance policies in place as of the Petition Date (i.e., American General, Allianz, Accordia, and F&G); and~~

~~(ii) the Trustee's communications with law enforcement and fraud investigators related to the Debtors.~~

~~The Trustee will also produce to Creditor the audio recording of the prior Trustee's "Meeting of Creditors" hearing, which is not designated as "Confidential."~~

2. Use of any information or documents designated as "Confidential" and subject to

this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of the contested matter and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this contested matter. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this contested matter.

3.      In addition to the materials designated as "Confidential" in Section 1, the parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

4.      If portions of documents or other materials designated "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal or submitted, unfiled, for court review and an order shall be submitted to this court prior to filing as required by Local Bankruptcy Rule 9018-1. If documents are authorized to be filed and are to be filed under seal, then the words "AUTHORIZED TO BE FILED UNDER SEAL" must be inserted directly below the document title.  For any conventionally filed or paper copies delivered to chambers as may be required by applicable rules, such documents shall be placed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action and a statement substantially in the following form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information.  If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above.  Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents designated as "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

      a.   Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

      b.   In-house counsel for the parties, and the administrative staff for each in-house counsel.

      c.   Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

      d.   Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

      e.   The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

      f.   The authors and the original recipients of the documents.

      g.   Any court reporter or videographer reporting a deposition.

      h.   Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.      Prior to being shown any documents produced by another party designated as "Confidential," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as **Exhibit A**.

9.      Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 7, as appropriate, for that portion of the deposition, hearing or pretrial proceeding.

10.     Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or

subpoenaed party, that party shall confer with counsel for the designating party. As part of that

conferral, the designating party must assess whether redaction is a viable alternative to complete

non-disclosure. If the parties are unable to resolve the matter informally, a party may file an

appropriate motion before the Court requesting that the Court determine whether the Protective

Order covers the document in dispute. Regardless of which party files the motion, the party

seeking to protect a document from disclosure bears the burden of establishing good cause for

why the document should not be disclosed. A party who disagrees with another party's

designation must nevertheless abide by that designation until the matter is resolved by agreement

of the parties or by order of the Court.

11.     The inadvertent failure to designate a document, testimony, or other material as

"Confidential" prior to disclosure shall not operate as a waiver of the party's right to later

designate the document, testimony, or other material as "Confidential." The receiving party or its

counsel shall not disclose such documents or materials if that party knows or reasonably should

know that a claim of confidentiality would be made by the producing party. Promptly after

receiving notice from the producing party of a claim of confidentiality, the receiving party or its

counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of

the newly-designated documents or materials, and shall make reasonable efforts to retrieve such

documents and materials and to prevent further disclosure.

12.     Designation by either party of information or documents as "Confidential," or

failure to so designate, will not be constitute an admission that information or documents are or

are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding

between the parties, other than a motion to determine whether the Protective Order covers the

information or documents in dispute, the fact that the other party designated or failed to

designate information or documents as "Confidential."

13.     Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

14.     This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

15.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

16.     If any party that receives designated information subject to this Protective Order receives a lawful subpoena, government request, or other legal process that requires disclosure of such information, the receiving party shall give prompt written notice to the designating party within five court days in order to allow the designating party to seek protection from disclosure of the designated information. Unless prohibited by law or court order, the receiving party shall refrain from producing any designated information until either (i) the designating party waives any confidentiality interest in the materials by not filing for protection in the relevant court, or (ii) any pending objection filed by the designating party has been resolved by the relevant court.

Compliance by the receiving party with any law requiring or court order directing production of any confidential information shall not constitute a violation of this Protective Order.

17.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

DATED this ___ day of _____, 2022.

**IT IS SO STIPULATED.**

LEONARD LAW GROUP                          SCOTT LAW GROUP LLP

/s/_____                /s/_____
Justin Leonard, OSB# 033736                Natalie C. Scott, OSB #024510
jleonard@llg-llc.com                       nscott@scott-law-group.com
*Attorneys for Trustee*                    *Attorneys for Creditor*

JEFFREY L. OLSON

/s/_____
Jeffrey L. Olson, OSB# 924188
jeff@olsonlaw.legal
*Attorneys for Debtors*

**EXHIBIT A**

I, _____ , have been advised by counsel of record for

_____ in Case No. 17-32770-thp7 in the United States
Bankruptcy Court for the District of Oregon (Eugene division) of the protective order governing
the delivery, publication, and disclosure of confidential documents and information produced in
this case. I have read a copy of the protective order and agree to abide by its terms.


_____

Printed Name:  _____

Date:  _____

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

In re:

Irwin Robert Pearlstein and
Chris Ramsower-Pearlstein,

Debtors.

Case No. 17-32770-thp7

**STIPULATED CONFIDENTIALITY
AGREEMENT & AGREED
PROTECTIVE ORDER**

Debtors, Chapter 7 Trustee Amy Mitchell (the "Trustee"), and Robert Sanders

("Creditor"), collectively referred to herein as "the Parties," by and through the undersigned,

pursuant to Federal Rule of Civil Procedure 26(c) and US District Court Local Rule 26-4, have

agreed to the following terms and conditions regarding discovery in the currently pending

contested matter on Trustee's Motion and Notice of Intent to Settle (**Doc. No. 51**).

Based on this Court's oral ruling on the record at the hearing on April 26, 2022, the

Parties request that the Court approve this Confidentiality Agreement and Agreed Protective

Order, as follows:

One or more of the parties has requested the production of documents or information that

at least one party considers to be or to contain confidential information, and that are subject to

protection under Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(c) (made

applicable to contested matters per Bankruptcy Rule 9014(c)).  The parties agree that good cause

exists to protect the confidential nature of the information contained in documents and responses

to discovery requests or deposition testimony, if undertaken in this matter. This contested matter concerns settlement of claims involving fraud, nondisclosure of assets, and personal financial information.  The parties expect to exchange documents and information relating to personal and business financial accounts and otherwise confidential or proprietary information.  The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and designated as "Confidential" shall be used only in this proceeding.  "Confidential" information includes the following documents, which the Parties agree Trustee shall produce to Creditor, with a copy to Debtors' counsel, upon entry of this Order:

- All documents, communications, and records of the Trustee and non-privileged documents, communications and records of Trustee's counsel in the above-listed Bankruptcy Case, excluding Trustee and Trustee's counsel's communications with law enforcement agencies and fraud investigators, and which documents Trustee shall not be required to redact in light of the protections afforded by this Protective Order.  As to documents that the Trustee asserts are privileged, the Trustee shall create and provide to Creditor a Privilege Log which identifies each document that the Trustee claims to be privileged and the privilege asserted as to each such document.

2.      Use of any information or documents designated as "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of the contested matter and shall not be used by any party for any business,

commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this contested matter. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this contested matter.

3.      In addition to the materials designated as "Confidential" in Section 1, the parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

4.      If portions of documents or other materials designated "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal or submitted, unfiled, for court review and an order shall be submitted to this court prior to filing as required by Local Bankruptcy Rule 9018-1. If documents are authorized to be filed and are to be filed under seal, then the words "AUTHORIZED TO BE FILED UNDER SEAL" must be inserted directly below the document title.  For any conventionally filed or paper copies delivered to chambers as may be required by applicable rules, such documents shall be placed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action and a statement substantially in the following form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND
SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN
THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE

PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential," that party shall

reference this Stipulated Protective Order in submitting the documents it proposes to maintain

under seal. If a non-designating party is filing a document that another party has designated as

"Confidential," then the non-designating party shall file the document under seal. If the non-

designating party makes a request in writing to have the document unsealed and the designating

party does not file, within ten calendar days, a motion that shows good cause to maintain the

document under seal, then the Court shall unseal the document. Before seeking to maintain the

protection of documents filed with the Court, a party must assess whether redaction is a viable

alternative to complete nondisclosure.

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any

party or witness in this case, a party or the witness may designate as "Confidential" any portion

of the transcript that the party or witness contends discloses confidential information.  If a

transcript containing any such material is filed with the Court, it shall be filed under seal and

marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition

transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" information and documents subject to this Protective Order shall

not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed

in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed

under seal by counsel and marked in the same manner as described in paragraph 4 above.  Such

sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the

Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents designated as

"Confidential," including all information derived therefrom, shall be restricted solely to the

following persons, who agree to be bound by the terms of this Protective Order, unless additional

persons are stipulated by counsel or authorized by the Court:

     a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.
     b. In-house counsel for the parties, and the administrative staff for each in-house counsel.
     c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.
     d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.
     e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,
     f. The authors and the original recipients of the documents.
     g. Any court reporter or videographer reporting a deposition.
     h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.     Prior to being shown any documents produced by another party designated as

"Confidential," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the

terms of this Order by signing the agreement attached as **Exhibit A**.

9.     Whenever information designated as "Confidential" pursuant to this Protective

Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding,

the designating party may exclude from the room any person, other than persons designated in

paragraph 7, as appropriate, for that portion of the deposition, hearing or pretrial proceeding.

10.     Each party reserves the right to dispute the confidential status claimed by any

other party or subpoenaed party in accordance with this Protective Order. If a party believes that

any documents or materials have been inappropriately designated by another party or

subpoenaed party, that party shall confer with counsel for the designating party. As part of that

conferral, the designating party must assess whether redaction is a viable alternative to complete

non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12.     Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

13.     Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution

of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

14.     This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

15.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

16.     If any party that receives designated information subject to this Protective Order receives a lawful subpoena, government request, or other legal process that requires disclosure of such information, the receiving party shall give prompt written notice to the designating party within five court days in order to allow the designating party to seek protection from disclosure of the designated information. Unless prohibited by law or court order, the receiving party shall refrain from producing any designated information until either (i) the designating party waives any confidentiality interest in the materials by not filing for protection in the relevant court, or (ii) any pending objection filed by the designating party has been resolved by the relevant court. Compliance by the receiving party with any law requiring or court order directing production of any confidential information shall not constitute a violation of this Protective Order.

17.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

DATED this ___ day of _____, 2022.

**IT IS SO STIPULATED.**

LEONARD LAW GROUP                         SCOTT LAW GROUP LLP


/s/_____                  /s/_____
Justin Leonard, OSB# 033736               Natalie C. Scott, OSB #024510
jleonard@llg-llc.com                      nscott@scott-law-group.com
*Attorneys for Trustee*                   *Attorneys for Creditor*

JEFFREY L. OLSON


/s/_____
Jeffrey L. Olson, OSB# 924188
jeff@olsonlaw.legal
*Attorneys for Debtors*

**EXHIBIT A**

I, _____ , have been advised by counsel of record for

_____ in Case No. 17-32770-thp7 in the United States
Bankruptcy Court for the District of Oregon (Eugene division) of the protective order governing
the delivery, publication, and disclosure of confidential documents and information produced in
this case. I have read a copy of the protective order and agree to abide by its terms.

_____

Printed Name: _____

Date: _____