Below is an opinion of the court.

*Teresa H. Pearson*
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>IRWIN ROBERT PEARLSTEIN<br>CHRIS RAMSOWER-PEARLSTEIN<br><br>Debtor(s). | Case No. 17-32770-thp7<br><br>MEMORANDUM DECISION |

      This matter came before the court pursuant to a request by chapter 7 trustee Amy E. Mitchell ("Trustee") and unsecured creditor Robert L. Sanders Professional Law Corporation ("Creditor") for clarification of the court's oral ruling on April 26, 2022, regarding the scope of 11 U.S.C. §704(a)(7).[1]

## Factual Background

      The material facts are undisputed.

      Debtors Irwin Robert Pearlstein and Chris Ramsower-Pearlstein ("Debtors") filed this joint chapter 7 case on July 26, 2017.[2] The case was originally administered, under a prior

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.
[2] ECF 1.

chapter 7 trustee, as a no-asset chapter 7 case. The debtors received their discharge, and the case was closed later in 2017.[3]

In May 2019, Creditor filed a motion to reopen the case, asserting that a chapter 7 trustee should be appointed to administer assets that were "either hidden or not fully investigated due to inadequate disclosure by Debtors."[4] The court granted the motion.[5] Trustee then commenced an investigation, pursuant to which she ultimately concluded in January 2022 that the case should be treated as an asset case.[6]

From 2019 through 2022, counsel for Trustee and Creditor exchanged a series of cordial emails.[7] Creditor provided information to Trustee and offered its assistance with Trustee's investigation. Trustee, while considering Creditor's information, indicated that she preferred to pursue her own investigation and asked Creditor to "stand down from any simultaneous investigation."[8]

In March 2022, Trustee filed a motion and notice of intent to enter into a settlement with Debtor Ms. Ramsower-Pearlstein (Debtor Mr. Pearlstein having passed away).[9] Creditor objected to the settlement, asserting among other things that Trustee had failed to provide an adequate factual basis to support the settlement. Creditor indicated a desire for turnover of Trustee's records and adequate time to review those records prior to the hearing on the settlement. Creditor also cited authority for the proposition that a settlement should not be approved if a creditor was willing to buy the claims from the estate for more than the amount of the settlement.[10] Creditor and Trustee then continued to discuss the proposed settlement, in an effort to resolve Creditor's concerns.

---

[3] ECF 12, 16.
[4] ECF 18, p. 1.
[5] ECF 21.
[6] ECF 48.
[7] ECF 53, Exh. A.
[8] ECF 53, Exh. A, p. 14 of 15.
[9] ECF 51.
[10] ECF 53.

At the hearing on approval of the settlement, Trustee acknowledged that the motion and notice of the settlement was unclear regarding the scope and terms of the proposed agreement with Debtor Ms. Ramsower-Pearlstein. Trustee offered to withdraw the pending motion and notice of settlement, then file an amended motion and notice with more clarity.

Creditor continued to assert its request for information Trustee obtained in her investigation. When the court asked if Creditor was interested in purchasing the claims from the estate for more than the settlement amount, Creditor responded that it did not know, because it had insufficient information to evaluate that option. After Trustee expressed concerns about preserving the confidentiality of sensitive information Trustee obtained from her investigation, Creditor expressed its willingness to enter into an appropriate protective order.

After discussion on the record, the court concluded that Trustee must provide the information that Creditor requested to Creditor, but that the parties should work together to draft an appropriate protective order to address Trustee's concerns about confidentiality. The court also concluded specifically that Creditor would not be entitled to receive information about Trustee's and Trustee's Counsel's discussions with law enforcement.[11]

By correspondence, both Trustee and Creditor have asked for clarification of the court's oral decision regarding Trustee's obligation to provide information to Creditor.[12] Creditor included forms of the proposed protective order exchanged by the parties.[13]

## Discussion and Analysis

The Bankruptcy Code includes an obligation for trustees to provide information to interested parties in a case. Specifically, it requires that "[t]he trustee shall – . . . (7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration that is requested by a party in interest." 11 U.S.C. § 704(a)(7).

---

[11] ECF 56.
[12] ECF 59, 60.
[13] ECF 60.

Page 3 of 8 - MEMORANDUM DECISION

Case 17-32770-thp7    Doc 67    Filed 05/11/22

As a fiduciary of the estate, the trustee has a duty to provide information to interested parties upon request. This duty is a broad and extensive one.[14] "The policy of open inspection, established in the Code itself through section 704(7) [sic.] and F.R.B.P. 5005 and 5007, is 'fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised.'"[15]

The trustee's duty to provide information is not, however, unlimited. The trustee's right to a protective order should be informed by the trustee's fiduciary duties. "To override the duty to disclose, a trustee should point to a countervailing fiduciary duty, such as to protect creditors and the estate from a particular harm, whose performance is more important than avoiding the harm resulting from withholding the information in question."[16] Courts generally recognize the need to protect the trustee's attorney-client privilege, to provide appropriate safeguards for proprietary and confidential information, to prevent the trustee from violating other laws or agreements, and to avoid interference in criminal and regulatory investigations.[17] Courts may also protect trustees from providing information when the request for information is not made in good faith (e.g., by a vexatious litigant or a competitor of the debtor improperly seeking competitive advantage).[18] In addition, some courts have held that a trustee does not need to provide information that the trustee developed in prosecution of an adversary proceeding.[19]

The language of the statute itself suggests the proper procedure for the trustee to comply with the trustee's duty to provide information. Section 704(a)(7) states that the trustee

---

[14] *In re Refco Inc.*, 336 B.R. 187, 193 (Bankr. S.D.N.Y. 2006); 4 Norton Bankr. L. & Prac. 3d § 77:18 (2022) (noting that when Congress adopted the Bankruptcy Code, it removed the requirement that information be "reasonably" requested that was previously contained in the Bankruptcy Rules enacted pursuant to the Bankruptcy Act).
[15] *In re Robert Landau Assocs., Inc.*, 50 B.R. 670, 677 (S.D.N.Y. 1985) (citing *In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984)).
[16] *In re Refco*, 336 B.R. at 194.
[17] *See, e.g., In re MF Global Holdings Ltd.*, 2012 WL 734195 (Bankr. S.D.N.Y. 2012).
[18] *See, e.g., In re DDJ, Inc.*, 2012 WL 8021327 (Bankr. E.D. Cal. 2012) (vexatious litigant).
[19] *In re Walters*, 136 B.R. 256, 258-60 (Bankr. C.D. Cal. 1992).

must provide information that is requested, unless the court orders otherwise. Thus, the duty to provide information arises when a party in interest makes a request for information. Typically, the trustee and the party in interest then confer informally on the scope of information requested by the party in interest. If there is agreement, the trustee then provides the requested information. Sometimes the trustee and the party in interest agree to the terms of a confidentiality agreement prior to the trustee providing the information to the party in interest. Most requests for information are resolved at this stage, without need for any court involvement.

If the trustee and party in interest do not agree, and the party in interest's request for information remains outstanding, then the Bankruptcy Code gives the trustee two choices: (1) to provide the information anyway, even though the trustee does not want to do so, or (2) seek entry of an appropriate protective order. In other words, the burden is on the trustee to obtain a court order excusing the trustee from the duty of providing the information, and not on the party in interest to compel production of the information.

In this case, Creditor has made a request for Trustee's records, including the records obtained by Trustee in its investigations of Debtors' assets. Creditor reasonably needs this information to evaluate Trustee's proposed settlement and potential alternatives to that settlement. This is not a situation where Creditor has sat upon its rights. Although Creditor was willing to, and could have, conducted a parallel investigation of Debtors' assets itself, Creditor apparently agreed to stand down from doing its own investigation at Trustee's request. It was not unreasonable for Creditor to abide by Trustee's wishes. Trustee has not questioned Creditor's good faith, and the record shows no reason to do so.

Creditor is willing to enter into a confidentiality agreement and protective order that would allow Trustee to designate information as confidential, and to limit use of confidential material to this proceeding and not for any business, commercial or competitive purpose. Creditor's proposed protective order provides for Trustee to assert and protect its attorney-client privilege and appropriately excludes production of Trustee's and Trustee's counsel's

communications with law enforcement.[20] The party asserting attorney-client privilege has the burden of proving the privilege applies.[21] A privilege log is an appropriate means to meet that burden and failure to provide a privilege log can result in waiver of the attorney-client privilege.[22]

Trustee appears to be concerned about several issues. First, Trustee asserts that Creditor's request for its entire file is "highly burdensome."[23] While there is a burden to Trustee in providing information in response to Creditor's request, it is a burden that Congress placed on trustees when Congress enacted section 704(a)(7). It is part of the trustee's job to provide information to interested parties. Under the facts and circumstances of this case, where Trustee proposes to settle significant claims of the estate involving previously undisclosed assets, and Creditor wishes to satisfy itself that Trustee's investigation was thorough before deciding whether to accede to the settlement, a review of Trustee's entire file is appropriate.

Second, Trustee asserts Trustee's judgment that the information requested "would not add any substantive value."[24] That may be Trustee's sincere view, but it is a matter that Creditor should be able to evaluate for itself.

Third, Trustee has indicated a willingness to provide information that Debtor Ms. Ramsower-Pearlstein has expressly authorized Trustee to provide (and by implication, withhold other information).[25] Debtors' wishes are not determinative. A trustee is a fiduciary for the estate and has an independent obligation to provide information to parties in interest, including creditors, regardless of whether debtors wish the information to be provided. Of

---

[20] ECF 59, Exh. 3.
[21] *In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992) (citing *In re Grand Jury Subpoenas (Hirsch)*, 803 F.2d 493, 496 (9th Cir. 1986)).
[22] *See, e.g., Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005); *see also* Fed. R. Civ. P. 26(b)(5)(A), made applicable by Fed. R. Bankr. P. 7026 and 9014(c).
[23] ECF 59, p. 1.
[24] ECF 59, p. 2.
[25] ECF 59, pp. 2-3.

course, if a debtor does not want the trustee to produce certain information, the debtor may also seek an appropriate protective order from the court.

Fourth, Trustee agues, without citing any authority, that she has a duty to protect the privacy of the financial information of Debtors.[26] The court disagrees. Bankruptcy is a public process. The Bankruptcy Code includes a myriad of requirements for debtors to provide their financial information that becomes public record.[27] "[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets."[28] Even information obtained in discovery and not filed with the court is subject to public access, without good cause for the court to order otherwise.[29] Particularly in a case like this one, where Debtors have hidden assets from the estate, the court sees little value in protecting the secrecy of Debtors' financial information from interested parties such as Creditor. With respect to protecting financial information of third parties, Trustee fails to explain why Creditor's proposed protective order is insufficient to safeguard this information.

Fifth, Trustee asserts that she has a duty to cooperate with law enforcement, and that any of Trustee's criminal referrals are expected to remain confidential. This court has already decided that, in this case, it is unnecessary for Trustee to provide Trustee's and Trustee's Counsel's discussions with law enforcement to Creditor.

Finally, Trustee asserts that she should not be required to produce to Creditor private medical information she obtained through discovery from life insurance companies. While the court recognizes the importance of protecting sensitive private medical information from unnecessary public view, such information can be produced in unredacted form by Trustee to Creditor pursuant to a protective order. Creditor's proposed protective order provides the

---

[26] ECF 63, p.6.
[27] *See, e.g.*, 11 U.S.C. §521(a); *In re Hammeken*, 316 B.R. 723, 734 (Bankr. D. Ariz. 2004) ("Debtors are required to provide full disclosure of all information that aids in understanding the Debtors' financial affairs and transactions.").
[28] *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) (cleaned up).
[29] *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 423 (9th Cir. 2011).

ability for Trustee to designate the medical information as confidential and appropriate safeguards for confidential information.

## Conclusion

For the reasons set forth above, the court requires Trustee to provide all of the information in her records and files of this case to Creditor on an unredacted basis, other than information about Trustee's and Trustee's Counsel's discussions with law enforcement. Trustee may assert her attorney-client privilege using an appropriate privilege log, and if necessary, may redact specific material she asserts is subject to that privilege. The court will enter the protective order proposed by Creditor, except that the protective order should be clarified to provide that documents will only be filed under seal if redaction under Fed. R. Bankr. P. 9037 is not possible. Creditor should submit its protective order as revised.

### #